THOMAS J. BOIS, II (Bar No. 110250)
JAMES C. MACDONALD (Bar No. 175760)
BOIS & MACDONALD
2030 Main Street, Suite 660
Irvine, CA 92614
Telephone: (949) 660-0011
Facsimile: (949) 660-0022
Email:  tbois@boismac.com
        jmacdonald@boismac.com
Attorneys for Plaintiff 3381 KATELLA
AVENUE, LLC, a California Limited Liability
Company

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **3381 KATELLA AVENUE, LLC, a California Limited Liability Company**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**9980 GRINDLAY PARTNERS; MARK F. WARDLE; BETTY L. WARDLE; SCOTT AVENT; DIANNA RANDAZZO; ALISSA BASHMAKIAN; HAGOP BASHMAKIAN; ARTASHES BASHMAKIAN; HRATCH BASHMAKIAN;  JOHN F. ROBINSON; CLARA J. ROBINSON; LOS ALAMITOS MANAGEMENT COMPANY, INC.; BERT BERNHEIM; BERNHEIM ASSOCIATES; GRANADA ONE HOUR CLEANERS; JOHN ROBERTSON dba GRANADA ONE HOUR CLEANERS; KWANG IN LIM dba GRANADA ONE HOUR CLEANERS; SANG SOO NE dba** | **CASE NO:**<br><br>**COMPLAINT FOR:**<br><br>**(1)  COST RECOVERY (CERCLA - 42 U.S.C. §9607 ET SEQ.)**<br>**(2)  CONTRIBUTION (CERCLA - 42 U.S.C. §9613 ET SEQ.)**<br>**(3)  STRICT LIABILITY (RCRA-42 U.S.C. § 6972)**<br>**(4)  COST RECOVERY AND CONTRIBUTION (HSAA – CAL. HEALTH AND SAFETY CODE § 25300, ET SEQ.)**<br>**(5)  CONTINUING PUBLIC NUISANCE**<br>**(6)  CONTINUING PRIVATE NUISANCE**<br>**(7)  NUISANCE PER SE**<br>**(8)  DECLARATORY RELIEF (STATE AND FEDERAL)** |

1

| | |
|---|---|
| **GRANADA ONE HOUR CLEANERS;** | ) |
| **and DOES 1 – 50, inclusive.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

Plaintiff 3381 KATELLA AVENUE, LLC, a California Limited Liability Company ("Plaintiff") hereby alleges the following claims:

## JURISDICTIONAL ALLEGATIONS

1.     This court has jurisdiction over this subject matter because federal questions exist pursuant to 42 U.S.C. § 9607 et seq. 42 U.S.C. § 9607, and 9613 *et seq.* ("CERCLA") and 42 U.S.C. § 6901 *et seq.* (RCRA).

2.     Venue is proper in this district under 28 U.S.C. §1391(b) because the claims arise at 3391 Katella Avenue, Los Alamitos, California (hereinafter referred to as "the Polluting Site"). Plaintiff alleges that the soils and ground water underlying the Polluting Site have been impacted by hazardous substances and hazardous wastes ("Pollution"). After this Pollution was released, the Pollution migrated through the groundwater, soil vapor and/or soil onto the property located at 3381 Katella Avenue, Los Alamitos, California ("Impacted Site"). Both the Polluting Site and the Impacted Site are located within the geographic boundaries of this District Court's jurisdiction.

3.     This Court has jurisdiction to hear the state law and common law claims brought because they arise out of the same common nucleus of facts, acts and occurrences as the federal questions presented. Furthermore, considerations of judicial economy, convenience and fairness to the parties require the claims be tried together in one jurisdictional proceeding.

## ALLEGATIONS RELATING TO THE PARTIES

4.     Plaintiff is a limited liability company formed in California doing business at the 3381 Katella Avenue Property which is located in the County of Orange, State of California and within the Central District of California.

5.     Defendant, 9980 GRINDLAY PARTNERS, is a California General Partnership in good status conducting business in California and from 2002-Present has performed and is performing business in California as an Owner of the Polluting Site located in the County of Orange, State of California and within the Central District of California.

6.     MARK F. WARDLE is an individual and General Partner of 9980 GRINDLAY PARTNERS residing and doing business in California and from 2002-Present has performed and is performing business in California as an Operator and/or Owner of the Polluting Site located in the County of Orange, State of California and within the Central District of California.

7.     BETTY L. WARDLE is an individual and General Partner of 9980 GRINDLAY PARTNERS residing and doing business in California and from 2002-Present has performed and is performing business in California as an Operator and/or Owner of the Polluting Site located in the County of Orange, State of California and within the Central District of California.

8.     SCOTT AVENT is an individual and General Partner of 9980 GRINDLAY PARTNERS residing and doing business in California and from 2002-Present has performed and is performing business in California as an Operator and/or Owner of the Polluting Site located in the County of Orange, State of California and within the Central District of California.

9.     DIANNA RANDAZZO is an individual and General Partner of 9980 GRINDLAY PARTNERS residing and doing business in California and from 2002-Present has performed and is performing business in California as an Operator and/or Owner of the Polluting Site located in the County of Orange, State of California and within the Central District of California.

10.     ALISSA BASHMAKIAN is an individual residing and doing business in California and from 1998-2002 has performed business in California as an Owner and/or Operator of the Polluting Site located in the County of Orange, State of

-3-

1 | California and within the Central District of California.

2 | 11.   HAGOP BASHMAKIAN, is an individual residing and doing business in
3 | California and from 1998-2002 has performed business in California as an Owner
4 | and/or Operator of the Polluting Site located in the County of Orange, State of
5 | California and within the Central District of California.

6 | 12.   ARTASHES BASHMAKIAN, is an individual residing and doing
7 | business in California and from 1998-2002 has performed business in California as an
8 | Owner and/or Operator of the Polluting Site located in the County of Orange, State of
9 | California and within the Central District of California.

10 | 13.   HRATCH BASHMAKIAN is an individual residing and doing business
11 | in California and from 1998-2002 has performed business in California as an Owner
12 | and/or Operator of the Polluting Site located in the County of Orange, State of
13 | California and within the Central District of California.

14 | 14.   JOHN F. ROBINSON is an individual residing and doing business as
15 | Granada One Hour Cleaners in California and from 1970-1994 has performed business
16 | in California as an Owner and/or Operator of the Polluting Site located in the County
17 | of Orange, State of California and within the Central District of California.

18 | 15.   CLARA J. ROBINSON is an individual residing and doing business as
19 | Granada One Hour Cleaners in California and from 1970-1994 has performed business
20 | in California as an Owner and/or Operator of the Polluting Site located in the County
21 | of Orange, State of California and within the Central District of California.

22 | 16.   LOS ALAMITOS MANAGEMENT COMPANY, INC. is a suspended
23 | California corporation which conducted business in California and from 1994-1995and
24 | has performed business in California as an Owner and/or Operator of the Polluting Site
25 | located in the County of Orange, State of California and within the Central District of
26 | California.

27 | 17.   BERT BERNHEIM is an individual residing and doing business in
28 | California as BERNHEIM ASSOCIATES and from 1967-1979 has performed

-4-

1  business in California as an Owner and/or Operator of the Polluting Site located in the

2  County of Orange, State of California and within the Central District of California.

3      18.    BERNHEIM ASSOCIATES, a business organization of unknown type or

4  status doing business in California and from 1967-1979 has performed business in

5  California as an Owner and/or Operator of the Polluting Site located in the County of

6  Orange, State of California and within the Central District of California.

7      19.    GRANADA ONE HOUR CLEANERS, a business organization of

8  unknown type or status doing business in California and from 1970- Present is and has

9  performed business in California as an Operator of the Polluting Site located in the

10 County of Orange, State of California and within the Central District of California.

11     20.    KWANG IN LIM is an individual residing and doing business as Granada

12 One Hour Cleaners in California and from 1990-2000 has performed business in

13 California as an Operator of the Polluting Site located in the County of Orange, State

14 of California and within the Central District of California.

15     21.    SANG SOO NE is an individual residing and doing business as Granada

16 One Hour Cleaners in California and from 2000 to the present is and has performed

17 business in California as an Operator of the Polluting Site located in the County of

18 Orange, State of California and within the Central District of California.

19     22.    Each of the Defendants identified above in Paragraphs 5-21 will hereafter

20 be referred to collectively as "Defendants".  The following provides a summary of the

21 Defendants described above (or their predecessors in interest and/or affiliates and their

22 duration of operation at the Polluting Site.

| Name | Status | Owner/Operator Period |
|---|---|---|
| Bernheim Associates | Owner/Operator | 1967-1979 |
| John F. Robinson and Clara J. Robinson | Co-Owners/ Co-Operators | 1979-1994 |

| Name | Status | Owner/Operator Period |
|---|---|---|
| Los Alamitos Management Company, Inc. | Owner/Operator | 1994-1995 |
| John F. Robinson and Clara J. Robinson | Co-Owners/ Co-Operators | 1995-1998 |
| Hagop Bashmakian | Owner/ Co-Operator | 1998 |
| Alissa Bashmakian | Owner/ Co-Operator | 1998-2002 |
| Artashes Bashmakian | Owner/ Co-Operator | 1998-2002 |
| Hratch Bashmakian | Owner/ Co-Operator | 1998-2002 |
| 9980 Grindlay Partners | Owner | 2002-Present |
| Mark F. Wardle | Owner/Operator | 2002-Present |
| Betty L. Wardle | Owner/Operator | 2002-Present |
| Scott Avent | Owner/Operator | 2002-Present |
| Dianna Randazzo | Owner/Operator | 2002-Present |
| Granada One Hour Cleaners | Operator | 1970-Present |
| John Robertson dba Granada One Hour Cleaners | Operator | 1970-1990 |
| Kwang In Lim dba Granada One Hour Cleaners | Operator | 1990-2000 |
| Sang Soo Ne dba Granada One Hour Cleaners | Operator | 2000-Present |

23.     During the period 1970 to present, Defendants owned the Polluting Site, owned the Polluting Site and operated the business, or merely operated dry cleaning operations (collectively "Owners/Operators") on the Polluting Site, which used various chlorinated solvent type chemicals.   Each of these Defendants are liable for their company's, predecessors', successors' and/or subsidiaries' liabilities by means of one or all of the following legal mechanisms:  (1) by name change; (2) by statutory merger;

1   (3) by de facto merger; (4) by express and/or implied assumption of liability; (5) by

2   alter ego liability; (6) by controlling the day to day decision making processes of a

3   subsidiary or sister entity; and/or, (7) by fraudulently entering transactions to

4   specifically avoid a subsidiary or sister entities' liabilities.

5       24.    Plaintiff is unaware of the true names and capacities, whether individual,

6   associate, and corporate or otherwise, of Defendants Does 1-50, and therefore sues

7   such Defendants by fictitious name. Plaintiff will seek leave of this Court to amend the

8   Complaint when the identities of these persons or entities are ascertained.

9       25.    Plaintiff  is informed and believes and thereon alleges at all relevant

10  times herein mentioned, each of the Defendants was the agent, representative,

11  principal, servant, employee, partner, alter ego, joint venturer, successor-in-interest,

12  assistant, and/or consultant of each and every remaining Defendant, and as such, was at

13  all times acting within the course, scope, purpose and authority of such agency,

14  partnership, employment and/or venture, and with the express or implied knowledge,

15  permission, authority, approval, ratification and consent of the remaining Defendants,

16  whether said authority was actual, ostensible, or apparent; and each Defendant was

17  negligent and reckless in the selection, hiring, and supervision of each and every other

18  Defendant as an agent, representative, principal, servant, employee, partner, alter ego,

19  joint venturer, successor-in-interest, assistant, and/or consultant.

20                      **FACTUAL ALLEGATIONS**

21      26.    Plaintiff owns the Impacted Property and the business located on the

22  Impacted Property.  To Plaintiff's knowledge, no manufacturing operations or use of

23  Pollutants or Hazardous Substances were ever conducted on the Impacted Property.

24      27.    Plaintiff alleges Defendant Owners/Operators stored liquid, solid and

25  hazardous wastes, including but not limited to: Tetrachloroethylene ("PCE");

26  Trichloroethylene ("TCE"); Total Petroleum Hydrocarbons ("TPH"), Benzene and

27  Ethylbenzene; and other hazardous substances and wastes and other contaminants, all

28  regulated under RCRA, in places including but not limited to: open-loop dry cleaning

1  equipment/systems; closed-loop dry cleaning equipment/systems; aboveground drums,
2  barrels and other storage containers; aboveground storage tanks; aboveground pipe
3  lines; dispensing systems; degreasers; sumps; surface impoundments; surface gutters;
4  surface troughs; clarifiers; slab drains; sewer laterals; holding basins and other facility
5  receptacles at, or adjacent to, the Polluting Site (referred hereinafter collectively as
6  "Dry Cleaning Operations").

7      28.    Plaintiff further alleges the Defendants owned and/or operated a
8  treatment, storage and/or disposal facility (as defined by RCRA) in regard to the Dry
9  Cleaning Operations performed.

10      29.    Plaintiff is informed and believes that Defendants, while in the process
11  of conducting these Dry Cleaning Operations, experienced sudden and accidental
12  releases of hazardous wastes and hazardous substances.  Plaintiff is informed and
13  believes Defendants' sudden and accidental releases of hazardous wastes and
14  hazardous substances impacted both the soil and groundwater under the Polluting Site,
15  and those hazardous materials releases have migrated onto the Impacted Site and
16  surrounding areas, so as to cause Pollution and violate various state and federal laws
17  and regulations.

18      30.    On or about January 14, 2015, a soil gas investigation was conducted by
19  Terrax Environmental Engineering & Consulting, Inc. ("Terrax") at both the Impacted
20  Site and the Polluting Site. Soil gas samples taken during Terrax's investigation
21  revealed detectible concentrations of PCE, TCE, Benzene and Ethylbenzene and other
22  related compounds (collectively "Pollutants" or "Pollution") emanating from the
23  Polluting Site and migrating onto the Impacted Site.  Plaintiff upon discovering these
24  Pollutants, reported the discovery of Pollution to groundwater to the Regional Water
25  Quality Control Board-Los Angeles Region ("RWQCB") on April 28, 2015.  By
26  reason of Plaintiff's legal duties as current owner of the Impacted Site, it is prescribed
27  the responsibility of prosecuting the abatement of Pollution nuisances on the Impacted
28  Site.

31.     The Impacted Site, including, but not limited to, soil and groundwater beneath and adjacent to it, is now known to contain Pollutants, Hazardous Wastes and Hazardous Substances which have migrated onto it from the Polluting Site, which constitutes an imminent and substantial endangerment to both human health and the environment and constitutes a continuing nuisance.

32.     The Defendants owned or operated and/or leased the Polluting Site to Co-Defendants who owned  in common various equipment, fixtures, improvements, containers and portable structures located on the Polluting Site.  Pollutants from the Polluting Site thereafter migrated through soil and groundwater onto the Impacted Site. These two sites and areas therefore separately and collectively constitute   a "FACILITY" as that term is defined by the *Comprehensive Environmental Response Compensation and Liability Act of 1980* (hereinafter "CERCLA") (42 U.S.C. § 9601 (9)(B).

33.     Plaintiff alleges Defendants constructed certain features at the Polluting Site allowing releases of these Pollutants into the subsurface.

34.     The Defendants owned or operated the FACILITY located on the Polluting Site.

35.     The Defendants' FACILITY conducted Dry Cleaning Operations using various "Hazardous Substances" as that term is defined by CERCLA (42 U.S.C. §9601 (14)) which included PCE, TCE and other related Pollutant compounds.

36.     The Defendants' FACILITY's Dry Cleaning Operations generated various "Hazardous Waste[s]" as that term is defined by the *Resource Conservation and Recovery Act of 1976* (hereinafter "RCRA" (42 U.S.C. § 6903 (5)) which included spent PCE, TCE and other related Pollutant compounds.

37.     The Defendants' ownership and operation of the FACILITY caused and/or permitted, and/or otherwise resulted in, the sudden and accidental releases of Hazardous Substances and/or Hazardous Wastes into the environment at the Polluting Site.

38.     The Defendants' releases of Hazardous Substances and/or Hazardous Wastes into the environment at the Polluting Site polluted the underlying soils and groundwater.

39.     The Defendants' releases of Hazardous Substances and/or Hazardous Wastes into the environment at the Polluting Site constitute: a violation of federal and state statutes and regulations; an imminent and substantial endangerment to public health and/or the environment; and, a continuing nuisance, as that term is defined by California *Civil Code* §3479.

40.     By reason of Plaintiff's legal status as owner of the Impacted Site, which constitutes a portion of the FACILITY, it is prescribed the primary responsibility of implementing soil and groundwater cleanup and prosecuting the abatement of Pollutant nuisances on the Polluting Site. Plaintiff is obliged to undertake these acts despite its lack of involvement in the events and occurrences which caused the Pollution. Plaintiff has diligently and responsibly complied with all administrative agency directives to assess and remediate Pollution at the FACILITY. As a result, Plaintiff has incurred, and will continue to incur, significant cost and expense (including but not limited to contractor, consultant, legal and agency oversight fees) to remediate the soil and groundwater at the FACILITY sufficient to obtain regulatory closure. The exact amount of these damages is not known at this time.

41.     Pursuant to the notification requirements set forth in §7002 of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. §6972(b)(2)(A), on  or about April 28, 2015, Plaintiff provided notice to all Defendants who could be located of its intention to file a lawsuit, and/or will amend its pending complaint, in court(s) of competent jurisdiction, against each of the past Defendant Operators who have contributed to the handling, storage, treatment, transportation and/or disposal of liquid, solid, and/or Hazardous Wastes which may and/or do present an imminent and substantial endangerment to health and/or the environment in violation of the standards of RCRA, 42 U.S.C.

1 | §6972(a)(1)(B).

2       42.    Plaintiff contends and alleges Pollution present at the FACILITY was
3 released by Defendants, and each of them. Plaintiff contends and alleges Defendants
4 and each of them are responsible for causing and remediating the soil and groundwater
5 Pollution at the FACILITY. Defendants, and each of them, to date have either denied
6 having any responsibility for either causing or remediating the soil and groundwater
7 Pollution at the FACILITY, and/or ignored the notice issued to each of them in order
8 to avoid liability. A judicial determination is needed of the respective legal rights and
9 obligations of Plaintiff and Defendants in order to resolve this dispute and controversy.
10   Plaintiff is also entitled to recover attorneys' fees and costs incurred to investigate and
11 identify potentially responsible parties for the Polluting Site.

12       43.    Plaintiff is an innocent landowner, bona fide purchaser and/or contiguous
13 landowner as defined by CERCLA, 42 U.S.C. §§ 9607(b)(3), 9601 (35)(A) and/or
14 California Land Use and Revitalization Act of 2004 - Health & Safety Code
15 §§25395.60 ("CLRRA"). Plaintiff is informed and believes, and based upon
16 information and belief alleges all Defendants who owned or operated the Polluting
17 Site, were the sole and exclusive cause of the release of Pollutants and/or Hazardous
18 Substances at the FACILITY and the damages caused by the release of those Pollutants
19 and/or Hazardous Substances and/or Hazardous Wastes. As a result, Plaintiff is entitled
20 to prosecute this claim as a Private Attorney General and Innocent Non-Polluting
21 Landowner.

22                   **FIRST CLAIM FOR RELIEF**
23         **(Claim for Cost Recovery Pursuant to § 107(a)**
24            **of CERCLA Against All Defendants)**

25     44.    Plaintiff repeats and realleges the allegations contained in paragraphs 1
26 through 43 inclusive, and incorporates them by reference as though fully set forth
27 herein.

28       45.    The Polluting Site and the Impacted Site comprise a "FACILITY" within

the meaning of § 101(9)(B) of CERCLA, 42 U.S.C. § 9601(9)(B) in that the Polluting Site is a "site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located", and Pollutants have migrated from the Polluting Site to the Impacted Site.

46.    During the period from 1970 through the present, Plaintiff is informed and believes and on that basis alleges Defendants stored at one time or another liquid Pollutants, Hazardous Substances and/or Hazardous Wastes, including but not limited to the Pollutants PCE, TCE, and other Hazardous Substances, Hazardous Wastes and/or pollutants, as part of the Dry Cleaning Operations performed.  Plaintiff is informed and believes, on occasion the waste storage receptacles, devices, and other improvements used by Defendants' in the Dry Cleaning Operations suddenly and accidentally leaked so as to discharge and dispose of the liquid and/or solid Hazardous Substances and/or Hazardous Wastes and other Pollutants stored in them into the soil, soil vapor and groundwater at and beneath the Impacted Site and migrating onto surrounding areas, including but not limited to the Impacted Site.  Since the date Defendants' waste storage receptacles, devices and other improvements began to suddenly and accidentally leak, discharge and dispose of liquid, solid and Hazardous Substances and Hazardous Wastes and other Pollutants stored in them, those wastes have been disposed, discharged, released, spilled, leaked, leached, off-gassed and/or migrated into the air, soil, soil gas and groundwater at, above, beneath and adjacent to the Impacted Site.  Thereafter, continuing to the present, said air and soil vapor phase, liquid and/or solid Hazardous Substances and/or Hazardous Wastes have leached, migrated and caused damage, including the Pollution of the air, soil, soil vapor and groundwater at, beneath and adjacent to the Impacted Site, and presents a public health and safety hazard and nuisance. These sudden and accidental spills contained Pollutants such as PCE, TCE, volatile organic compounds (VOCs), and various other toxic chemical substances.   These pollutants  are and were "Hazardous Substances" within the meaning of § 101(14) of CERCLA, 42 U.S.C. § 9601(14).

47.     Plaintiff is informed and believes and on that basis alleges Defendants have handled, stored, treated, transported and/or disposed of solid and/or liquid Hazardous Substances and Hazardous Wastes at, and adjacent to, the Polluted Site in a manner which caused those Hazardous Substances and Hazardous Wastes to pollute the air, soil, soil vapor and groundwater at, beneath and adjacent to the Impacted Site as to cause an imminent and substantial endangerment to health and/or the environment.

48.     The leak and/or sudden and accidental spill of these and other Hazardous Substances from the dry cleaning equipment, floor drains, concrete gutters, swales, ditches, underground sumps, waste water interceptors, clarifiers, degreasers, tanks, piping, drums, barrels and containers at the FACILITY, and the resulting contamination of surface and sub-surface soils, soil vapor and groundwater at the FACILITY, constitute "releases" and/or "threatened releases" of Hazardous Substances into the environment from a facility within the meaning of § 101(22) of CERCLA, 42 U.S.C. §9601(22).

49.     Defendants, and each of them, were the only persons or entities who performed Dry Cleaning Operations on or near the FACILITY during the period 1970 to the present, which could have or likely would have caused the types of contamination which exist at the FACILITY. The Pollutant releases could not have occurred but for Defendants' conduct.

50.     As a result of migration of the TCE, PCE and Hazardous Substances onto the Impacted Property, Plaintiff has incurred response costs, including the costs of investigating, characterizing, and supervising the abatement of releases and/or threatened releases of Hazardous Substances from the FACILITY, as set forth above, within the meaning of §§ 101 (23) and (25) of CERCLA, 42 U.S.C. §§ 9601 (23) and (25) in that Plaintiff has performed "such actions as may be necessary to monitor, assess, and evaluate the release or threatened release of hazardous substances".

51.     Plaintiff has incurred response costs in a manner not inconsistent with the

1  National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

2       52.   Plaintiff, as owner of the Impacted Site on which the FACILITY is
3  located, is obligated to incur removal and remedial costs (as those terms are defined by
4  CERCLA 42 U.S.C. § 9601(23) and (24)) in the future to comply with CERCLA 42
5  U.S.C. § 9607, et seq. and the government directives referenced above.

6       53.   Defendants, and each of them, were owners or operators of the
7  FACILITY at times when Hazardous Substances were disposed of and/or released,
8  are liable to Plaintiff, and therefore are "Responsible Persons" pursuant to CERCLA
9  42 U.S.C. § 9601(20).

10       54.   Defendants are therefore responsible for all removal, remedial action, and
11  "Response Costs" pursuant to §§ 107(a) (1) and/or (2) of CERCLA, 42 U.S.C. §§
12  9607(a)(1) and/or(2).

13       55.   Pursuant to § 107(a) of CERCLA, 42 U.S.C. § 9607(a), Plaintiff is
14  entitled to a declaratory judgment that each Defendant is liable to Plaintiff for cost
15  recovery in this and any subsequent action brought by Plaintiff to recover past, present,
16  and future costs or damages incurred in response to the release and/or threatened
17  release of Hazardous Substances at and from the FACILITY, including, without
18  limitation, any oversight, response, containment, assessment, analytical and/or
19  remedial costs incurred in response to the releases and/or threatened release of
20  Hazardous Substances at and from the FACILITY.

21       56.   Plaintiff alleges the Pollution released by Defendants is not divisible from
22  the Pollution released by any other Co-Defendants (to the extent that more than one
23  Defendant has released Pollution) and therefore allocation among Defendants is not
24  appropriate.   Furthermore, Plaintiff alleges all equitable factors applicable for
25  determination of allocation weigh in favor of Plaintiff and, therefore all damages
26  relating to Pollution caused by one or more of the Defendants should be allocated to
27  Defendants during any allocation stage of the litigation.

28       57.   Pursuant to § 107(a) of CERCLA, 42 U.S.C. § 9607(a), Plaintiff further

1  alleges Defendants are jointly and severally liable to Plaintiff for all past, present and
2  future costs incurred in response to the releases and/or threatened release of Hazardous
3  Substances at and from the FACILITY.

### SECOND CLAIM FOR RELIEF

### (Claim for Contribution Pursuant to § 113(f) of CERCLA

### Against All Defendants)

7      58.    Plaintiff repeats and realleges the allegations contained in paragraphs 1
8  through 57 inclusive, and incorporates them by reference as though fully set forth.

9      59.    Defendants, and each of them, were the only persons or entities that
10 owned and/or performed Dry Cleaning Operations and/or handled Hazardous
11 Substances and/or Hazardous Wastes on or near the FACILITY during the period from
12 1970 to the present which could have, or likely would have, caused the type of
13 contamination which exists on the FACILITY. The contaminant releases could not,
14 and would not, have occurred but for defendants' negligent conduct.

15     60.    Pursuant to § 113(f) of CERCLA, 42 U.S.C. § 9613(f), Plaintiff is entitled
16 to a declaratory judgment that each defendant is liable to plaintiff for contribution in
17 this and any subsequent action brought by plaintiff to recover past, present, and future
18 costs or damages incurred in response to the release and/or threatened release of
19 hazardous substances at and from the FACILITY, including, without limitation, any
20 oversight response, containment, assessment, analytical and/or remedial costs incurred
21 in response to the release and/or threatened release of hazardous substances at and
22 from the FACILITY.

### THIRD CLAIM FOR RELIEF

### (For Relief under 42 U.S.C. § 6972(a)(1)(B) - "RCRA"

### Against All Defendants)

26     61.    Plaintiff repeats and realleges the allegations contained in paragraphs 1
27 through 60 inclusive, and incorporates them by reference as though fully set forth.

28     62.    Pursuant to the notification requirements set forth in § 7002 of the Solid

1  Waste Disposal Act, as amended by the Resource Conservation Recovery Act of 1976

2  "RCRA"), 42 U.S.C. 6972(b)(2)(A), Plaintiff has undertaken to notify all Defendants

3  of its intention to file this lawsuit. This notice dated April 28, 2015 and copies of the

4  United States Postal Service return receipts for Defendants that returned their return

5  receipts have been collected and retained to demonstrate Defendants have received

6  notice of Plaintiff's intention to file this lawsuit.

7      63.    As more fully set forth herein above, Defendants were operators and/or

8  owners of various equipment, buildings or other improvements which performed dry

9  cleaning at the time of the release or disposal of the contaminants found at the

10  FACILITY which constitute hazardous waste ("Hazardous Waste") as that term is

11  defined by RCRA, 42 U.S.C. § 6903(5)(A)(B) and the duly promulgated regulations

12  contained in 40 C.F.R. 261 et seq.

13      64.    Defendants, and each of them, were the only persons and/or entities that

14  performed Dry-Cleaning Operations and/or handled Hazardous Substances and/or

15  Wastes on or near the Polluting Site during the period 1970 to the present which could,

16  or likely would, have caused the type of Pollution resulting from Defendants' Dry-

17  Cleaning Operations. Defendants also had substantial control over the Hazardous

18  Wastes at the time of disposal or were otherwise actively involved in the waste

19  disposal process. The Pollutant releases could not, and would not, have occurred but

20  for Defendants' negligent conduct.

21      65.    The releases and/or disposal of Hazardous Wastes at the FACILITY have

22  caused an imminent and/or substantial endangerment to health or the environment, by

23  creating a health risk to: workers on the FACILITY; and/or neighboring properties;

24  and/or groundwater in the area. This human health risk shall be increased and/or

25  exacerbated in the event workers perform soil excavation at or around the Impacted

26  Site. Furthermore, the vertical and horizontal migration of the Hazardous Wastes

27  released by Defendants endangers the drinking water supplies of a large number of the

28  general public. This endangerment is evidenced by the fact that the Pollution at the

1 FACILITY may have begun to migrate off-site. Hazardous vapors may also seep from

2 the subsurface into the air space within the structures on the Impacted Site or into the

3 air space of off-site structures to cause imminent and substantial impacts to the ambient

4 air at concentrations in ways potentially harmful to human health. Defendants' failure

5 and/or refusal to take corrective action while the Pollution continues to spread puts the

6 public at risk.

7      66.    As a matter of law, Plaintiff is entitled to prosecute and maintain this

8 lawsuit, to obtain injunctive relief compelling FACILITY remediation, directing

9 Defendants to: take action to address the endangerment which exists; participate in the

10 Pollution site investigation and clean up; pay the costs and expenses incurred by

11 Plaintiff in connection with the Site to date; obtain payment for environmental

12 consulting costs for Impacted Site assessment to date; and, obtain payment of

13 attorneys' fees pursuant to 42 U.S.C. § 6972(a)(1)(B).

14      67.    As a matter of law, Defendants are strictly liable for all costs and

15 expenses resulting from the releases or discharges of the Hazardous Wastes at the

16 FACILITY. As a matter of law, there is an identifiable period of time during which

17 Pollution of the FACILITY by Defendants occurred. Plaintiff, when permitted by law,

18 has or will join as Defendants all persons who operated the Polluting Site during the

19 time which the Pollution occurred; Plaintiff is entitled to prosecute this claim as a

20 Private Attorney General. As a result, Defendants are jointly and severally liable for

21 conducting all necessary Impacted Site assessment and/or remediation of releases or

22 discharges of the Hazardous Wastes at the FACILITY relating to the areas of Pollution

23 caused by one or more Defendants.

24      68.    Further, as a result of Defendants' disposal of the Hazardous Wastes on

25 the FACILITY, Plaintiff as owner of the FACILITY has incurred environmental

26 consulting costs to identify and characterize the nature and extent of the Pollution

27 caused by Defendants and each of their respective releases or disposals of Hazardous

28 Wastes at the FACILITY.

69.    The regulated Hazardous Wastes described above have actually seeped into the soils and/or ground water at the FACILITY and Polluted Plaintiff's Property. The Hazardous Wastes released by Defendants' daily cause ongoing direct and actual harm to Plaintiff's Property for which remedial and preventative measures must be taken.  As a direct and proximate result of Defendants and each of their releases and disposals of Hazardous Wastes at the FACILITY, Plaintiff has been damaged and caused to incur environmental agency oversight costs in a sum not yet fully ascertained, and to be proved at the time of trial.  Based on the foregoing, Plaintiff is entitled to and hereby demands reimbursement from each Defendant for all of the costs necessary to respond to Defendants' Pollution and each of their releases or disposals of Hazardous Wastes which have injured, and continue to injure Plaintiff's Property; Private Attorney General attorneys' fees; and, injunctive relief compelling their implementation of remedial action.

## FOURTH CLAIM FOR RELIEF

### Cost Recovery and Contribution Pursuant to the HSAA

### (Against All DEFENDANTS)

70.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 69, inclusive and incorporates them by reference as though fully set forth.

71.    The Hazardous Substances Accounts Act ("HSAA") provides Defendants are "Persons" as defined by California Health and Safety Code §§ 25319.

72.    The HSAA provides Defendants are "Responsible Parties" as defined by California Health and Safety Code § 25323.5 and CERCLA 42 U.S.C. §§ 9607(a)(1), 9607(a)(2) and 9607(a)(4).

73.    The HSAA provides Plaintiff may recover from Defendant Responsible Persons its removal and/or remedial action costs incurred or to be incurred to remove and/or remedy the alleged releases or threatened releases of Hazardous Substances at the Polluting Site pursuant to California Health & Safety Code § 25363(e).

74.    Plaintiff alleges Defendants have released Hazardous Substances at the

Polluting Site, and/or have equitably and/or contractually assumed liability for such releases, within the meaning of California Health and Safety Code §§ 25320-25321.

75.    Plaintiff alleges it has incurred, and will continue to incur, costs to perform "removal" and/or "remedial" actions to respond to the Hazardous Substances released by Defendants, and/or to respond to releases that Defendants have equitably and/or contractually assumed liability for, at the Polluting Site within the meaning of California Health & Safety Code §§ 25322-25323.

76.    Plaintiff alleges Defendants are Responsible Parties as defined by Health and Safety Code § 25323.5 and 42 U.S.C. § 9607(a), and therefore Plaintiff is entitled to cost recovery and contribution from Defendants pursuant to California Health and Safety Code § 25363, including but not limited to all present and future costs of Pollution investigation, remediation and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### (For Continuing Public Nuisance Against All Defendants)

77.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 76 inclusive, and incorporates them by reference as though fully set forth.

78.    Defendants, and each of them, were the only persons and/or entities that owned and/or performed Dry Cleaning Operations and/or handled Hazardous Substances and/or Hazardous Wastes on or near the FACILITY.  Defendants owned and/or operated the FACILITY during the period 1970 to the present.  Defendants' Pollutant releases could not, and likely would not, have occurred but for Defendants' negligent conduct.

79.    At all material times, Defendants have allowed and permitted Hazardous Substances and/or Hazardous Wastes from the Polluting Site to leak and migrate onto and into the soil, soil vapor and groundwater adjacent to and underlying the Impacted Site. The Pollutants released by Defendants are carcinogenic and highly toxic to plant, animal and human life.   The Pollutants create a health risk to Impacted Site workers and/or neighboring properties in the event workers occupy indoor air spaces or perform

1    soil excavation to further develop the Impacted Site and neighboring sites.
2    Furthermore, the vertical and horizontal migration of the pollutants released by
3    Defendants endangers the drinking water supply of the general public. This danger is
4    evidenced by the fact the Pollutants at the FACILITY have migrated off-site.
5    Hazardous vapors may also seep from the subsurface into the air space within the
6    structures on the Impacted Site or into the air space of off-site structures to cause
7    imminent impacts to the ambient air at concentrations potentially harmful to human
8    health. Defendants' failure and/or refusal to take corrective action while the Pollution
9    continues to spread puts the public at risk.

10        80.    Defendants' failure and/or refusal to abate the nuisance before the
11   Pollution further spreads puts a large number of the public at risk.  In addition,
12   Defendants' actions potentially affect the entire community or neighborhood, or, at a
13   minimum, a considerable number of persons.

14        81.    The former ownership, use and operation of the Polluting Site by
15   Defendants constitutes a nuisance within the meaning of California Civil Code §§ 3479
16   and 3480.  Defendants' actions are injurious to Plaintiff's economic interests in the
17   Impacted Site and interfere with Plaintiff's comfortable and quiet use and enjoyment of
18   the Impacted Site. In addition, Defendants' Pollution acts potentially affect an entire
19   community or neighborhood, or, at a minimum, a considerable number of persons.

20        82.    Plaintiff has given notice to Defendants, and each of them, of the damage
21   caused by the Pollution nuisance, and requested its abatement. However, Defendants,
22   and each of them, have failed and/or refused, and continue to fail and/or refuse, to
23   abate the Pollution nuisance.

24        83.    Defendants, and each of them, have threatened to and will, unless
25   restrained by this court, continue to maintain the Pollution nuisance and continue the
26   acts complained of.  Each and every of Defendants' Pollution nuisance acts have been,
27   and will be, without Plaintiff's consent, against Plaintiff's will, and in violation of
28   Plaintiff's right of quiet use and enjoyment of the Impacted Site.

84.     As a proximate result of the continuing Pollution nuisance caused and maintained by the Defendants, Plaintiff has suffered: a substantial reduction in the monetary value and marketability of the Impacted Site; potential lost rental income; an impaired ability to pledge the Impacted Site as security for either operating lines of credit or capital improvement loans; an impaired ability to obtain loans or financing; the requirement of employing environmental consultants to assess and remediate the FACILITY and to incur costs related thereto; potential exposure to lawsuits due to exposures from workers at the Impacted Site and/or workers exposed to Hazardous Substances and Hazardous Wastes that have migrated off-site; and, the need to employ legal counsel and incur legal costs and attorneys' fees.

85.     As a further proximate result of the continuing abatable Pollution nuisance created by Defendants, and each of them, Plaintiff is informed and believes it will be injured and sustain  damages by reason of its inability to freely use, occupy, rent, refinance, pledge, hypothecate, secure, or sell the Impacted Site.

86.     The Pollution nuisance is continuing in nature and with implementation of reasonable remedial measures can be abated.

## SIXTH CLAIM FOR RELIEF

### (For Continuing Private Nuisance Against All Defendants)

87.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 86 inclusive, and incorporates them by reference as though fully set forth.

88.     Defendants, and each of them, were the only persons or entities that owned and/or performed Dry Cleaning Operations and/or handled Hazardous Substances and/or Hazardous Wastes on or near the FACILITY for the period 1970 to present. Defendants caused the type of Pollution which exists on the FACILITY. The Pollutant releases could not, and likely would not, have occurred but for Defendants' negligent conduct.

89.     At all material times, Defendants have allowed and permitted Hazardous Substances and/or Hazardous Wastes from the Polluting Site to leak into the soil, soil

vapor and groundwater adjacent to and underlying the Plaintiff's Property. The Pollutants released are carcinogenic and are highly toxic to plant, animal and human life. Furthermore, the presence of the Pollution at the Impacted Site interferes with Plaintiff's quiet use and enjoyment of the Impacted Site. Plaintiff is prevented by the Pollution from performing excavation of the soil at the Impacted Site to facilitate development of the Impacted Site. Furthermore, Plaintiff is prevented from making full use of its real estate investment to obtain more favorable refinancing of existing loans and/or financing of new loans on the Impacted Site. Finally, Plaintiff may lose opportunities to sell or rent the Impacted Site to prospective buyers or tenants who do not wish to perform operations at the Impacted Site which is Polluted and which potentially poses increased worker safety risks.

90.     The ownership, use and maintenance of the Polluting Site by Defendants constitutes a nuisance within the meaning of § 3479 and § 3481 of the California Civil Code because it is injurious to plaintiff's economic interests in the Impacted Site and interferes with the comfortable and quiet use and enjoyment of the Property.

91.     Plaintiff has given notice to Defendants, and each of them, of the damage caused by the Pollution nuisance, and requested its abatement, but Defendants, and each of them, have failed and/or refused, and continue to fail and/or refuse, to abate the Pollution nuisance.

92.     Defendants, and each of them, have threatened to and will, unless restrained by this court, continue to maintain the Pollution nuisance and continue the acts complained of. Each and every Pollution nuisance act has been, and will be, without Plaintiff's consent, against Plaintiff's will, and in violation of Plaintiff's right of quiet use and enjoyment of the Impacted Site.

93.     As a proximate result of the continuing Pollution nuisance caused and maintained by the Defendants, Plaintiff has suffered: a substantial reduction in the monetary value and marketability of the Impacted Site;   lost rental income; an

1   impaired ability to pledge the Impacted Site as security for either operating lines of

2   credit or capital improvement loans; impaired ability to obtain loans or financing; the

3   requirement of employing environmental consultants to assess and remediate Pollution

4   at the FACILITY and to incur costs related thereto; exposure to potential lawsuit; and,

5   the need to employ legal counsel and incur legal costs and attorneys' fees.

6        94.    As a further proximate result of the continuing abatable Pollution

7   nuisance created by Defendants, and each of them, Plaintiff is informed and believes it

8   will be injured and sustain damages by reason of its inability to freely use, occupy,

9   rent, refinance, pledge, hypothecate, secure, or sell the Impacted Site.

10       95.    The Pollution nuisance is continuing in nature and with implementation of

11  reasonable remedial measures can be abated.

12                        **SEVENTH CLAIM FOR RELIEF**

13          **(For Continuing Nuisance Per Se Against All Defendants)**

14       96.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1

15  through 95 inclusive, and incorporates them by reference as though fully set forth.

16       97.    Defendants, and each of them, were the only persons or entities that

17  owned and/or performed Dry Cleaning Operations and/or handled Hazardous

18  Substances and/or Hazardous Wastes on or near the FACILITY during the period 1970

19  to the present.   Defendants caused the type of Pollution which exists on the

20  FACILITY. The Pollutant releases could not, and likely would not, have occurred but

21  for Defendants' negligent conduct.

22       98.    At all material times, Defendants have allowed and permitted Hazardous

23  Substances and/or Hazardous Wastes from the Polluting Site to leak and migrate onto

24  and into the soil, soil vapor and groundwater adjacent to and underlying the Impacted

25  Site. The Pollutants released are carcinogenic and are highly toxic to plant, animal and

26  human life.  Furthermore, the presence of the Pollution at the Impacted Site interferes

27  with Plaintiff's free use and enjoyment of the Impacted Site.  Plaintiff is prevented by

28  the Pollution from performing excavation of the soil at the Impacted Site to facilitate

-23-

1  development of the Impacted Site.  Furthermore, Plaintiff is prevented from making
2  full use of its real estate investment to obtain more favorable refinancing of existing
3  loans and/or financing of new loans on the Impacted Site.  Finally, Plaintiff may lose
4  opportunities to sell or rent the Impacted Site to prospective buyers or tenants who do
5  not wish to perform operations at the Impacted Site which is Polluted.

6      99.    The Hazardous Substances and Hazardous Wastes released also create a
7  health risk to workers on Property and/or neighboring properties in the event workers
8  occupy indoor air spaces or perform soil excavation to further develop the Impacted
9  Site and other sites.  Furthermore, the vertical and horizontal migration of the
10  Pollutants released by Defendants endangers the drinking water supply of the general
11  public.  This danger is evidenced by the fact that the Pollutants at the Polluting Site
12  have already begun to migrate off the Polluting Site.  The Pollutants may have
13  migrated through the soil and soil vapors at the Polluting Site and onto off-site
14  properties to become a potential threat to human health because of the accumulation of
15  harmful vapors in adjoining buildings.  Defendants' failure and/or refusal to abate the
16  nuisance before the Pollution spreads further puts a large number of the public at risk.
17  Plaintiff is informed and believes and thereon alleges Defendants, and each of them, in
18  breaching their duty of care, violated certain statutes, ordinances, and/or regulations of
19  a public entity.

20      100.   Plaintiff is informed and believes and thereon alleges Defendants violated
21  both CERCLA, 42 U.S.C. § 9607, et seq. and RCRA, 42 U.S.C. S 6972, et seq., by
22  causing and/or permitting the discharge or release of Hazardous Substances and/or
23  Hazardous Wastes into the environment.

24      101.   Plaintiff is informed and believes and thereon alleges Defendants also
25  violated the: California Hazardous Substance Account Act (Health & Safety Code
26  §25300 et seq.); Hazardous Waste Control Law (Health & Safety Code §25100 et
27  seq.);  California Water Code (Dickey Act (Water Code §13010, et seq., repealed
28  1969); Porter-Cologne Act (Water Code § 13020, et seq.), by causing and/or

1 permitting the discharge or release of the Hazardous Substances and/or Hazardous

2 Wastes into the environment; Proposition 65 - Safe Drinking Water and Toxic

3 Enforcement Act of 1986,; California Health and Safety Code § 25249.5, et seq.;

4 California Health and Safety Code § 25299(a), (b), and (C), and 25189(d); California

5 Water Code § 13050 (m)(1), 13265(c) and (d); and 13350(b); and, California Fish &

6 Game Code § 2560.

7        102.   As a proximate result of Defendants' statutory violations in connection

8 with the ownership and/or operation of the FACILITY, and the leakage of hazardous

9 and regulated substances and/or wastes into the soil and groundwater on the Polluting

10 Site, Plaintiff has been caused damages and has suffered: exposure to carcinogenic

11 substances; a substantial reduction in the monetary value and marketability of the

12 Impacted Site; an impaired ability to pledge the Impacted Site as security for either

13 operating lines of credit or capital improvement loans; an impaired ability to obtain

14 loans or financing; the requirement of employing environmental consultants to assess

15 and remediate the FACILITY and to incur costs related thereto; potential exposure to

16 employee lawsuits; and, the need to employ legal counsel and incur legal costs and

17 attorneys' fees.

18        103.   Plaintiff's injuries have resulted from an occurrence the nature of which

19 the statutes, ordinances, and/or regulations specifically referred to herein were

20 designed to prevent.

21        104.   Plaintiff is a member of that class of persons for whose protection the

22 statutes, ordinances, and/or regulations more specifically referred to herein were

23 adopted to protect.

24        105.   Defendants' violations of those statutes, ordinances, and/or regulations are

25 unjustified and inexcusable because Defendants possessed the wherewithal to prevent

26 the Pollutant releases or discharges, or, once detected, to promptly and effectively

27 remedy them so as to prevent prolonged exposure and injury to the environment.

28        106.   The Pollution nuisance is continuing in nature and with implementation of

1 | reasonable remedial measures can be abated.

2 | **EIGHTH CLAIM FOR RELIEF**

3 | **(For State and Federal (28 U.S.C. §2201(a) and 42 U.S.C. § 9613(g))**

4 | **Declaratory Relief Against All Defendants)**

5 | 107.   Plaintiff repeats and realleges the allegations contained in paragraphs 1

6 | through 106 inclusive, and incorporates them by reference as though fully set forth.

7 | 108.   An actual controversy has arisen and now exists between Plaintiff and

8 | Defendants in that Plaintiff contends, and Defendants and each of them deny,

9 | responsibility for the Pollution, Hazardous Substances and/or Hazardous Wastes

10 | caused or permitted to be released into the environment at the FACILITY rests solely

11 | and entirely upon Defendants.

12 | 109.   Defendants, by reason of their ownership and operation of the

13 | FACILITY, each had exclusive possession, custody and control of the FACILITY

14 | during the periods of the Pollutant releases.

15 | 110.   In addition to rights for state declaratory relief, Plaintiff seeks federal

16 | declaratory relief under §2201 of the Declaratory Judgment Act, 28 U.S.C. §1331, *et*

17 | *seq.* relating to all Federal statutory claims asserted and independently seeks

18 | declaratory relief under 42 U.S.C. § 9613(g) of CERCLA. Plaintiff therefore requests

19 | a judicial determination of rights, and the duties and obligations of the Defendants, in

20 | responding to the alleged releases and threatened releases of Hazardous Substances

21 | and Hazardous Wastes into the soil, soil gas, air, surface water and/or groundwater at

22 | and from the Impacted Site.

23 | 111.   A dispute and controversy exists regarding:

24 | (a)     Which persons and entities are responsible for causing Pollution at

25 | the FACILITY;

26 | (b)     Which persons and entities are responsible for Impacted Site

27 | Pollution assessment and remediation of the FACILITY;

28 | (c)     The time period in which FACILITY Pollution remediation should

1    occur;

2                    (d)    The appropriate means and costs for Pollution remediation of the

3    FACILITY;

4                    (e)    The scope of the Pollution remediation of the FACILITY;

5                    (f)    The exact nature and extent of Plaintiff's economic damages;

6                    (g)    Which parties are responsible for payment of civil penalties (if

7    any); and,

8                    (h)    Whether Plaintiff is entitled to recover attorneys' fees.

9        112.   Plaintiff believes additional issues will arise requiring judicial

10   determination as the litigation progresses. A judicial declaration is necessary and

11   appropriate at this time in order that Plaintiff may ascertain its rights and duties with

12   respect to Plaintiff's claims for damages.

13                              **PRAYER FOR RELIEF**

14       WHEREFORE, PLAINTIFF prays of this Court as follows:

15   **ON THE FIRST, SECOND AND FOURTH CLAIM FOR RELIEF:**

16       1.     For Plaintiff's Response Costs;

17       2.     For all other related costs incurred herein;

18       3.     For a declaration and/or determination Defendants are responsible for

19   paying to and/or reimbursing Plaintiff for all past and future costs to investigate and

20   remediate Pollution at the Impacted Site; and,

21       4.     For attorneys' fees and costs relating to the investigation of responsible

22   parties for the Impacted Site.

23                        **ON THE THIRD CLAIM FOR RELIEF:**

24       5.     For issuance of an injunctive order directing Defendants to take action to

25   address the endangerment which exists from the Pollution and compelling Defendants

26   to perform FACILITY Pollution remediation and/or to pay the costs of FACILITY

27   Pollution remediation implemented by Plaintiff in the future until such time as a "No

28   Further Action Is Required" letter for soil, soil vapor  and groundwater Pollution is

1  issued by the governmental regulatory agency responsible for overseeing FACILITY

2  remediation;

3      6.      For issuance of an injunctive order directing Defendants to participate in

4  the site investigation and/or pay the costs of investigation implemented by Plaintiff in

5  the future until such time as a "No Further Action Is Required" letter for soil, soil

6  vapor and groundwater  Pollution is issued by the governmental regulatory agency

7  responsible for overseeing FACILITY remediation;

8      7.      For the costs, and Site Pollution investigation expenses, incurred by

9  Plaintiff in connection with the Site to date since issuance of Plaintiff's Notice of

10 Intent to Sue;

11     8.      For all environmental, analytical and expert response costs incurred; and,

12     9.      For reasonable attorneys' fees as a Private Attorney General and all costs

13 and fees of litigation.

14          **ON THE FIFTH, SIXTH AND SEVENTH CLAIM FOR RELIEF:**

15     10.     For all costs of Pollution investigation and remediation incurred within

16 the past three (3) years of filing this lawsuit;

17     11.     For all other related costs incurred herein;

18     12.     For issuance of an injunctive order compelling Defendants to pay for

19 and/or to remediate Pollution on the Impacted Site;

20     13.     For attorneys' fees and costs relating to the investigation of responsible

21 parties for the Impacted Site pursuant to California Code of Civil Procedure §1021.5

22 and 1021.6 and as otherwise permitted by statute.

23          **ON THE EIGHTH CLAIM FOR RELIEF:**

24     15.     For a finding and declaration of the court concerning:

25          (a)      Which persons and entities are responsible for causing Plaintiff's

26 damages;

27          (b)      Which persons and entities are responsible for Property Pollution

28 assessment and remediation;

1                (c)     The time period in which Property Pollution remediation should

2 occur;

3                (d)     The appropriate means and costs for Pollution remediation;

4                (e)     The scope of the Pollution remediation;

5                (f)     The exact nature and extent of Plaintiff's economic damages;

6                (g)     Which parties are responsible for payment of civil penalties (if any)

7 as alleged by Plaintiff in the Complaint; and,

8                (h)     Whether Plaintiff is entitled to recover attorneys' fees and costs

9 of litigation.

10 <center>**DEMAND FOR JURY TRIAL**</center>

11      Plaintiff demands a trial by jury for all causes of action under which it is entitled

12 to a jury trial.

13

14 Dated: September 9, 2015           BOIS & MACDONALD

15

16                               By: _____

17                                    Thomas J. Bois

18                                    James C. Macdonald

                                 Attorneys for Plaintiff 3381

19                                  KATELLA AVENUE, LLC, a

20                                  California Limited Liability Company

21

22

23

24

25

26

27

28

<center>-29-</center>